**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Heidi Parrales,

     Plaintiff,

v.

First Premier Bank; Experian Information Solutions, Inc.; and Equifax Information Services, LLC,

     Defendants.

Case No.: 1:26-cv-24525

**Complaint for Damages:**
     **Violation of Fair Credit Reporting Act**

Plaintiff, Heidi Parrales, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.      INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.      PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Miami-Dade, Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, First Premier Bank ("First Premier") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Florida.

5. At all times pertinent hereto, Defendant First Premier is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Florida.

7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Florida.

8. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Florida.

12. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Florida.

13. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.      JURISDICTION AND VENUE

16. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

18. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida,

Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

## IV.        FACTUAL ALLEGATIONS

19.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants First Premier, Experian and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

20.    Experian and Equifax are consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21.    The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22.    Experian and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

23.    Plaintiff discovered the First Premier account FST PREMIER Experian and Equifax consumer reports in error (the "Account").

24.    During the course of repayment of the Account, Plaintiff satisfied the Account in full with First Premier for full and final settlement of Plaintiff's obligation with respect to the Account.

25.    Plaintiff resolved their liability on the Account, and the Account balance is $0.

26.    In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant First Premier continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Experian and Trans Union.

27.    The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates their credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

28.     On or about March 16, 2026 and April 28, 2026, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

29.     On or about March 16, 20226, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

30.     Upon information and belief, Experian and Equifax forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant First Premier.

31.     Upon information and belief, First Premier received notification of Plaintiff's Letters from Experian and Equifax.

32.     Upon information and belief, First Premier verified the erroneous information associated with the Account to Experian and Equifax.

33.     First Premier failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

34.     Experian and Equifax each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

35.     Upon information and belief, First Premier failed to instruct Experian and Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

36.     Experian and Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

37.     At no point after receiving the Dispute Letters did First Premier, Experian or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

38.     Experian and Equifax relied on their own judgment and the information provided to them by First Premier rather than grant credence to the information provided by Plaintiff.

39. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

40. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

41. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

42. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

43. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

44. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

Parrales v. First Premier; et al.                    5                    COMPLAINT

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

49. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

50. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

51. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

53. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

55. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

56. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

57. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

58.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

61.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

62.     Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

63.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

64.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

65.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66.     Defendant Equifax's conduct, action, and inaction were willful, rendering

Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

68.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – FIRST PREMIER

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

69.     Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

70.     After receiving the Dispute Letters, First Premier failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

71.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant First Premier's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant First Premier's representations to consumer credit reporting agencies, among other unlawful conduct.

72.     As a result of this conduct, action, and inaction of Defendant First Premier, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73.     Defendant First Premier's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74.     In the alternative, Defendant First Premier was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant First Premier pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

Parrales v. First Premier; et al.                          8                          COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted June 30, 2026

*/s/ Trescot Gear*
Trescot Gear
Gear Law, LLC
711 South Howard Avenue, Suite 200
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff